IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-00783-FL

| | |
|---|---|
| OWEN CREQUE, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | **MEMORANDUM AND** |
| ) | **RECOMMENDATION** |
| ) | **AND ORDER** |
| LUIHN FOODS SYSTEM ) | |
| d/b/a KFC/TACO BELL #101, ) | |
| ) | |
| Defendant. ) | |
| _____ ) | |

This cause comes before the Court upon Defendant's motion to dismiss Plaintiff's pro se complaint for failure to state a claim. (DE-4). Plaintiff has responded (DE-8), Defendant has replied (DE-10), and Plaintiff has sur-replied (DE-13). Accordingly, the motion to dismiss is ripe for adjudication. In accordance with 28 U.S.C. § 636(b)(1), the motion to dismiss has been referred to the undersigned for entry of a memorandum and recommendation. For the reasons set forth herein, the undersigned recommends that the Court dismiss Plaintiff's complaint for failure to state a claim.

Also before the Court are the following motions filed by Plaintiff, referred to the undersigned for disposition:

**DE-9**: Motion to Appoint Counsel

**DE-14**: Motion for Compelling Evidence

**DE-18**: Motion to Compel

For the reasons that follow, these motions are denied.

I.  **BACKGROUND**

Plaintiff's complaint alleges as follows: Plaintiff interviewed for a position with Defendant restaurant on or about August 1, 2012. Compl. ¶ 5, DE-1-1. During the interview, Plaintiff was asked to explain why he was terminated from his previous job at ACCU-FAB, Inc. *Id.* Plaintiff stated that he was fired following an argument with a co-worker. *Id.* Defendant hired Plaintiff for a cash register position on August 13, 2012. *Id.* at ¶¶ 5, 7. Defendant knew Plaintiff had no experience with cash registers, but provided no training. *Id.* at ¶¶ 6-7. During the next three weeks, the count of Plaintiff's cash register twice fell short by five dollars. Compl. at ¶ 8, p. 6, DE-1-1. Plaintiff was written up for these shortfalls. On September 5, 2012, Plaintiff's cash register count fell short by $39.00. *Id.* Plaintiff did not perform the count himself. An assistant manager told Plaintiff that he would have to pay for the money missing from the cash register and could not return to work until he did so. *Id.* Plaintiff met with manager Jason Hamlin on September 10, 2012 and explained that he did not count the money in his cash register. Plaintiff was discharged that day. *Id.*

Plaintiff complained of his discharge to the Equal Employment Opportunity Commission ("EEOC"), which dismissed the charges on September 28, 2012. EEOC Dismissal and Notice of Rights, DE-1-1. The dismissal stated that "[t]he facts alleged in the charge fail to state a claim under any of the statutes enforced by the EEOC." *Id.* Plaintiff filed the instant complaint in state court on November 5, 2012. The complaint asserts claims for "retaliation" and "loss of income." Defendant removed the case to this Court on December 6, 2012, and now seeks dismissal of Plaintiff's complaint under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state a claim. (DE-4).

2

## II. **STANDARD OF REVIEW**

### A. Rule 12(b)(6)

The purpose of a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6) is to test the legal sufficiency of the complaint, not to resolve conflicts of fact or to decide the merits of the action. Edwards v. City of Goldsboro, 178 F.3d 231, 243-44 (4th Cir. 1999). The court may dismiss a complaint for failure to state a claim if "it appears beyond a doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." Conley v. Gibson, 355 U.S. 41, 45-46 (1957). In considering a motion to dismiss, the court assumes the truth of all facts alleged in the complaint and the existence of any fact that can be proved, consistent with the complaint's allegations. *See* Hishon v. King & Spalding, 467 U.S. 69, 73 (1984); Conley, 355 U.S. at 45-46; Mylan Labs., Inc. v. Matkari, 7 F.3d 1130, 1134 (4th Cir. 1993). Nevertheless, while the court must take the facts in the light most favorable to the plaintiff, the court "need not accept the legal conclusions drawn from the facts [or] . . . . unwarranted inferences, unreasonable conclusions, or arguments." Eastern Shore Mkts., Inc. v. J.D. Assocs. Ltd. P'ship, 213 F.3d 175, 180 (4th Cir. 2000) (citation omitted); *see also* Parham v. Pepsico, Inc., 927 F. Supp. 177, 178 (E.D.N.C. 1995) ("Conclusory allegations or legal conclusions masquerading as factual allegations will not suffice to prevent a motion to dismiss pursuant to 12(b)(6)"). In this way, a motion to dismiss "allows a court to eliminate actions that are fatally flawed in their legal premises." Parham, 927 F. Supp. at 178. In determining the sufficiency of the complaint, the court may properly consider "documents incorporated into the complaint by reference, and matters of which a court may take judicial notice" without converting the motion to dismiss to one of summary judgment. Tellabs, Inc. v. Makor Issues & Rights, Ltd., 551 U.S. 308, 322 (2007).

3

**B. Pro Se Litigants**

Plaintiff is proceeding pro se in this matter. A pro se complaint, however inartfully pled, is held to less stringent standards than formal pleadings drafted by attorneys. *See* Erickson v. Pardus, 551 U.S. 89, 94 (2007) (per curiam). *Erickson*, however, does not undermine the "requirement that a pleading contain 'more than labels and conclusions.'" Giarratano v. Johnson, 521 F.3d 298, 304 n.5 (4th Cir. 2008) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 555 (2007)); *see* Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-52 (2009); Coleman v. Md. Ct. of Appeals, 626 F.3d 187, 190 (4th Cir. 2010). And "while the Court must liberally construe the plaintiff's pro se pleadings, the Court will not act as the plaintiff's counsel." Brown v. EEOC, No. 4:05-cv-74-H, 2006 U.S. Dist. LEXIS 95997, at *2 (E.D.N.C. May 18, 2006).

### III. **DISCUSSION**

Accepting as true all of the factual allegations in Plaintiff's complaint, the undersigned concludes that the complaint fails to state a claim upon which relief may be granted. To state a viable claim of retaliation, the plaintiff must plead and present facts that show that he (1) engaged in a protected activity, (2) the employer took an adverse employment action against the plaintiff, and (3) a causal connection existed between the protected activity and the adverse employment action. Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989). Here, Plaintiff has alleged only that he was fired. There are no allegations to show that Plaintiff engaged in a protected activity while employed by Defendant, or any causal connection between a protected activity and his termination from employment. To the contrary, the complaint tends to show that Plaintiff was terminated for legitimate, non-retaliatory reasons. According to Plaintiff's own allegations, his cash register count fell short on three occasions. In the first two instances, Plaintiff received written

4

discipline. After the third instance in which his register was short $39.00, Plaintiff was terminated. Defendant's cash register policy, which Plaintiff has attached to his complaint, warns employees that "[i]f you have more than a $10 overage or shortage in your register drawer per shift, this may result in discipline up to and including immediate termination plus possible criminal action or prosecution." Compl. 9, DE-1-1.

Plaintiff argues that Defendant "hired [him] so they could fire[] [him]" in retaliation for his lawsuit against his former employer, ACCU-FAB, Inc. Pl.'s Resp. 1, DE-8. But there are no allegations that Plaintiff filed his lawsuit while employed with Defendant, or that Defendant was aware of such activity. Indeed, Plaintiff clearly alleges that he filed his lawsuit against ACCU-FAB, Inc. prior to his interview with Defendant. Even if Plaintiff could establish that the previous filing of the lawsuit against ACCU-FAB, Inc. was a protected activity, there is nothing that plausibly connects the termination of his employment with Defendant to his lawsuit against ACCU-FAB, Inc. Instead, Plaintiff merely speculates that a background check could allow an employer to learn of the previous lawsuit. Plaintiff does not allege that Defendant in fact conducted such a background check, and he fails to allege that Defendant had any knowledge of Plaintiff's lawsuit or that it terminated him because of it.

Plaintiff's claim of retaliation is moreover implausible. Even if the Court were to assume, for purposes of the motion to dismiss, that Defendant conducted a background check and identified Plaintiff's litigation history, it strains credulity to believe that Defendant conducted a background check two weeks prior to hiring Plaintiff, learned of his lawsuit, hired him despite this knowledge of the lawsuit, only to then terminate him three weeks later. On these facts, it is simply incredible to allege that he was "hired to be fired," particularly given Plaintiff's admissions in the complaint that he was responsible for three

cash register shortages in only three weeks of employment.  In short, Plaintiff's allegations do not "'nudge[] [his] claim'" of retaliation "'across the line from conceivable to plausible.'"  Iqbal, 556 U.S. at 678 (quoting Twombly, 550 U.S. at 570).

To the extent Plaintiff may be attempting to bring a wrongful discharge retaliation claim under state law, North Carolina law does not support a private right of action for retaliation, nor does nor does it express a public policy with respect to retaliation for opposition to any form of discriminatory practice.  *See* McLean v. Patten Cmtys., Inc., 332 F.3d 714, 719 (4th Cir. 2003); Strickland v. Jewell, 562 F. Supp. 2d 661, 674 (M.D.N.C. 2007); Swann v. Source One Staffing Solutions, No. 5:09-CV-271-D, 2011 U.S. Dist. LEXIS 18479, at *24-25 (E.D.N.C. Feb 24, 2011).  Further, the complaint cannot be construed as stating a claim of discrimination.  Plaintiff does not allege that he is a member of a protected class, that his performance was satisfactory to meet the legitimate expectations of his employer, or that he was treated less favorably than individuals outside of the protected class.  *See* E.E.O.C. v. Clay Printing Co., 955 F.2d 936, 941 (4th Cir. 1992).

Because the factual allegations set forth in Plaintiff's complaint fail to state any claim upon which relief may be granted, the undersigned RECOMMENDS that the Court grant Defendant's motion to dismiss.

IV. **MOTIONS BY PLAINTIFF**

A. **Motion for Appointed Counsel**, DE-9

Plaintiff requests the Court appoint counsel to pursue his claims against Defendant.  However, there is no constitutional right to counsel in civil cases, and courts should exercise their discretion to appoint counsel for pro se civil litigants "only in exceptional

6

Case 5:12-cv-00783-FL   Document 21   Filed 02/27/13   Page 6 of 8

cases." Cook v. Bounds, 518 F.2d 779, 780 (4th Cir. 1975). The existence of exceptional circumstances justifying appointment of counsel depends upon "'the type and complexity of the case, and the abilities of the individuals bringing it.'" Whisenant v. Yuam, 739 F.2d 160, 163 (4th Cir. 1984), *abrogated on other grounds by* Mallard v. U.S. Dist. Court for the S. Dist. of Iowa, 490 U.S. 296 (1989) (quoting Branch v. Cole, 686 F.2d 264, 266 (5th Cir. 1982)); *see also* Gordon v. Leeke, 574 F.2d 1147, 1153 (4th Cir. 1978) ("If it is apparent . . . that a pro se litigant has a colorable claim but lacks capacity to present it, the district court should appoint counsel to assist him."). Plaintiff's action is not complex, and he has demonstrated through his filings that he is capable of proceeding pro se. Moreover, he does not appear to have a colorable claim. As such, this case is not one in which exceptional circumstances merit appointment of counsel. Therefore, Plaintiff's motion to appoint counsel is DENIED.

**B. Motions to Compel**, DE-14, DE-18

By these motions, Plaintiff requests a copy of an episode of the television program, "The Good Wife" that aired May 7, 2011. Although he does not explain why, Plaintiff asserts that this evidence "is a big part of [his] lawsuit" and that he cannot obtain it elsewhere. Discovery has not yet commenced in this case, *see* Jan. 23, 2013 Order Staying Discovery, and the undersigned has concluded that Plaintiff's complaint should be dismissed for failure to state a claim. Even if discovery were underway, there is no indication that Plaintiff has requested this evidence from Defendant, or that Defendant is in possession of such evidence. Plaintiff's motions to compel are therefore DENIED.

7

## V. CONCLUSION

For the aforementioned reasons, the undersigned RECOMMENDS that Defendant's motion to dismiss (DE-4) the complaint be GRANTED. Plaintiff's motion to appoint counsel (DE-9) and motions to compel (DE-14, DE-18) are DENIED.

SO RECOMMENDED, DONE AND ORDERED in Chambers at Raleigh, North Carolina on Wednesday, February 27, 2013.

_____
WILLIAM A. WEBB
UNITED STATES MAGISTRATE JUDGE