IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION

NO. 5:12-CV-783-FL

| | | |
|---|---|---|
| OWEN CREQUE, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | ORDER |
| | ) | |
| LUIHN FOOD SYSTEM d/b/a | ) | |
| KFC/TACO BELL #101, | ) | |
| | ) | |
| Defendant. | ) | |

This matter is before the court on memorandum and recommendation ("M&R") of United States Magistrate William A. Webb (DE 21), recommending this court allow defendant's motion to dismiss for failure to state a claim (DE 4).[1] Plaintiff, appearing *pro se*, responded to the motion to dismiss, objected to the M&R, and filed additional document with video, entitled "Compelling Evidence" with the court.[2] Defendant replied to plaintiff's objection. The issues raised are now ripe for ruling. For the following reasons, the court adopts the M&R and grants defendant's motion to dismiss.

---

[1] Defendant is improperly named in the complaint. Its correct name, defendant asserts, is Luihn Food Systems, Inc. However, issues in titling are not dispositive of the instant motion.

[2] Plaintiff filed on May 1, 2013, a notice with the court entitled "Compelling Evidence," and an accompanying video. The court cannot consider evidence outside of the complaint on a motion to dismiss. See Clatterbuck v. City of Charlottesville, 708 F.3d 549, 557-58 (4th Cir. 2013) (finding that the district court improperly weighed evidence outside of the complaint). Therefore the court has not relied upon this evidence in evaluating the instant motion to dismiss. Furthermore, the extrinsic material that plaintiff seeks to admit, an episode of the American television legal drama, "The Good Wife," is irrelevant.

## BACKGROUND

Plaintiff originated this employment discrimination lawsuit *pro se* on November 5, 2012, in Superior Court of Wake County, North Carolina. Defendant filed a notice of removal on December 6, 2012, pursuant to 28 U.S.C. § 1331, where plaintiff claims retaliatory discharge. The instant motion to dismiss, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure, was filed on the same date.

The court incorporates by reference the factual background in the M&R, and briefly summarizes those facts, alleged in the complaint and taken as true for the purpose of evaluating defendant's motion to dismiss, as follows. Plaintiff interviewed for a position in defendant's restaurant, during which he was asked to explain why he was terminated from his previous position. Plaintiff explained that he was fired following an argument with a co-worker. Plaintiff was hired two days later as a cashier, and provided with no training. Defendant knew that plaintiff had no experience with cash registers. During the next three weeks, plaintiff's cash register was found to be short five dollars when counted on two separate occasions. Plaintiff did not perform the counts himself. On the third time his register fell short by $39.00, and plaintiff was told he would have to pay the money missing or he could not return to work. Plaintiff met with a manager a few days later, explained that he did not perform the counts, and was discharged. Plaintiff then filed a complaint for retaliation with the Equal Employment Opportunity Commission ("EEOC"), which dismissed the charges against defendant.

## COURT'S DISCUSSION

A.   Standard of Review

2

The district court reviews *de novo* those portions of a magistrate judge's M&R to which specific objections are filed. 28 U.S.C. § 636(b). The court does not perform a *de novo* review where a party makes only "general and conclusory objections that do not direct the court to a specific error in the magistrate's proposed findings and recommendations." Orpiano v. Johnson, 687 F.2d 44, 47 (4th Cir. 1982). Absent a specific and timely filed objection, the court reviews only for "clear error," and need not give any explanation for adopting the M&R. Diamond v. Colonial Life & Acc. Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005); Camby v. Davis, 718 F.2d 198, 200 (4th Cir.1983). Upon careful review of the record, "the court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(c).

"A document filed *pro se* is to be liberally construed." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (internal quotation marks omitted). However,

> a district court is not required to recognize obscure or extravagant claims defying the most concerted efforts to unravel them .... The special judicial solicitude with which a district court should view such pro se complaints does not transform the court into an advocate. Only those questions which are squarely presented to a court may properly be addressed.

Weller v. Dep't of Soc. Services for City of Baltimore, 901 F.2d 387, 391 (4th Cir. 1990) (internal quotation marks omitted).

B.  Analysis

Defendant challenges the pleadings under Rule 12(b)(6) of the Federal Rules of Civil Procedure. In evaluating its motion, "[the] court accepts all well-pled facts as true and construes these facts in the light most favorable to the plaintiff in weighing the legal sufficiency of the complaint." Nemet Chevrolet, Ltd. v. Consumeraffairs.com, Inc., 591 F.3d 250, 255 (4th Cir. 2009) (citing Ashcroft v. Iqbal, 556 U.S. 662 (2009)). To survive a motion to dismiss, the complaint must

contain "sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Iqbal, 556 U.S. at 678 (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). The plausibility standard is met where "the factual content of a complaint 'allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged.'" Nemet Chevrolet, 591 F.3d at 255 (quoting Iqbal, 556 U.S. at 678).

For plaintiff to state a claim of retaliatory discharge, the complaint must show: "(1) that [plaintiff] engaged in protected activity; (2) that [defendant] took adverse employment action against [plaintiff]; and (3) that a causal connection existed between the protected activity and the adverse action." Williams v. Cerberonics, Inc., 871 F.2d 452, 457 (4th Cir. 1989). As indicated in the M&R, plaintiff does not plead that he was engaged in any protected activity during the course of employment for defendant. Furthermore, no connection is made between a protected activity and plaintiff's discharge. Plaintiff was discharged because his cash register fell short repeatedly. Therefore, no *prima facie* claim of retaliation has been made in this case. See Williams, 871 F.2d at 457.

Plaintiff's objection re-states, in part, the allegations in his complaint. Compare Compl. ("I was hired to be fired.") with Objection ("I was hired to be terminated."). Plaintiff further alleges that he was "engaged in protected activity . . . prior to being hired." This allegation further undercuts the possibility of a causal connection between that unnamed protected activity and plaintiff's discharge. Plaintiff's objection, therefore, provides no basis to disturb the thoughtful analysis in the M&R.

## CONCLUSION

Upon *de novo* review of those portions of the magistrate judge's M&R to which specific objection has been filed, and upon considered review of those portions of the M&R to which no such

4

objection has been made, the court ADOPTS the findings and recommendations of the magistrate judge (DE 21), and GRANTS defendant's motion to dismiss (DE 4). The clerk is directed to close this case.

SO ORDERED, this the 13th day of May, 2013.

LOUISE W. FLANAGAN
United States District Judge

5